UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JOHNNY RAY LOPEZ, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 2:11-CR-15-JRG-HBG |
| | ) | | 2:13-CV-124-JRG |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

The Petitioner, Johnny Ray Lopez ("Lopez") had a felony conviction on his criminal record when he was charged in the present case with a single count of possession of a firearm [Doc. 1].[1] Lopez was convicted by a jury and sentenced to 94 months of imprisonment [Docs. 56, 67]. Lopez appealed his sentence, but the Court of Appeals for the Sixth Circuit affirmed both his conviction and sentence [Doc. 75].

Thereafter, Lopez filed a letter addressed to "whomever this may concern: United States 6th Circuit" [Doc. 77]. In this letter, Lopez complains: (1) that his attorney failed to object at voir dire to the seating of an all-white and all-female jury, and (2) that his attorney failed to do an "independent calculation of [the] Guidelines".

This letter was not in the form of a § 2255 Motion, and it was not sworn to or filed under oath. The letter, however, did raise claims of ineffective assistance of counsel. Accordingly, the Court ordered Lopez to notify the court within thirty days if he did not intend for the letter to be

---

[1] All citations to the record are found on the docket of Case No. 2:11-CR-15-JRG-HBG.

a § 2255 Motion [Doc. 78]. In that same order, the Court directed the Clerk of Court to re-file the letter, designated this time as a § 2255 Motion [Doc. 78].[2]

Ten days later Lopez filed a letter, addressed to the Court, responding to the Order, stating "I Johnny Ray Lopez, Jr. did not intend to pursue a § 2255 Motion" [Doc. 81]. Lopez instead stated that he intended to file a civil lawsuit for race discrimination. Although Lopez stated he did not intend to pursue a § 2255 motion, he did not withdraw the filing. Because it had not been withdrawn, the Court then ordered the Government to respond to Lopez's § 2255 Motion.

Accordingly, before the Court now is Lopez's Court-designated, pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 79]. The Petitioner alleges ineffective assistance of counsel. The Government filed a response in opposition [Doc. 85].

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

A Petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Stickland v. Washington*, 466 U.S. 668, 687 (1987). *See also*, *Huff v. United States*, 734 F.3d

---

[2] The Court followed the procedure outlined in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002). The order advised petitioner that he should notify the Court within thirty days if he did not intend to pursue a § 2255 motion and that he could withdraw the filing. Lopez was advised that if he had not withdrawn his filing, "the Court will treat it as a § 2255 motion and will require the United States to respond to the allegations made therein."

600, 606 (6th Cir. 2013). First, the Petitioner must establish, by identifying specific acts or omissions, that counsel's performance w*a*s deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the Petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, the Petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The Court is not required to analyze both prongs of the *Strickland* test as to every claim. *Strickland*, 466 U.S. at 697. Indeed, the Supreme Court recommended that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*; accord U*nited States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006).

   **1.** **The Issue Of The All-Female, All-White Jury**

Lopez claims that counsel's exercise of peremptory challenges was "professionally irresponsible" because it yielded an all-female jury which allegedly violated Petitioner's equal-protection rights. This claim is without merit. It is not unconstitutional for a jury to be comprised exclusively of members of the opposite sex of the Defendant or of members of a
3

different ethnicity. This Court has previously held that the "fact that the Government excluded the sole black member of the jury venire, without more, does not make out a *prima facie* case" of discrimination. *Goins v. United States*, Nos. 3:04-cv-155. 3:00-cr-123, 2007 WL 1959154 (E.D. Tenn. July 2, 2007); *see also United States v. Bergodere*, 40 F.3d 512, 516 (1st Cir. 1994) ("the mere fact that the prosecutor challenges the only juror of a particular race, without more, does not automatically give rise to an inescapable inference of a discriminatory intent"). Petitioner's own motion indicates that his attorney exercised peremptory strikes as he did because, in counsel's professional opinion, it would give Lopez a better chance of acquittal. Lopez has not identified any basis to doubt counsel's strategic decision on that point, nor has he established even a *prima facie* case of discrimination with regard to the selection of the jury.

   **2. Counsel's Alleged Failure To Independently Calculate The Applicable Guidelines Range**

Petitioner next asserts that counsel failed to accurately and independently calculate his sentencing exposure prior to trial, and that counsel underestimated Petitioner's actual sentence. This claim also is without merit. Lopez has not stated the sentence which counsel allegedly promised to him, nor has he claimed that the result of the proceedings would have been different had counsel rightly calculated his Guidelines range and informed him of it. The Court agrees with the Government that Lopez has not set forth adequate facts upon which this Court can even meaningfully evaluate his claim. Therefore, the claim must be rejected. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) stating that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not

4

sufficient to warrant a hearing," much less relief); *accord United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (deeming undeveloped claims unreviewable).[3]

### 3. Lopez Was Not Prejudiced By Counsel's Alleged Failure To Promptly Notify Petitioner Of The Sixth Circuit's Decision Affirming His Conviction

In his letter to the Court stating that he did not intend to file a § 2255 Motion, Lopez faults his counsel for not promptly informing him of the Sixth Circuit's decision regarding his appeal. This claim, if it is to be considered as a supplement to the § 2255 Motion letter [Doc. 79], also is without merit. Even assuming that counsel failed to keep Petitioner apprised of the status of his case, and thereby rendered deficient performance, Lopez cannot establish that he was prejudiced in any way. Lopez learned of the Sixth Circuit's decision from this Court before the expiration of time in which to seek certiorari [Doc. 78; advising Lopez that he still had time to seek certiorari, if he wished to do so].

The Court finds that, because the claims presented in the motion [Doc. 79] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the Motion [Doc. 79].

### 4. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at

---

[3] The record shows that Lopez was advised of the statutorily-authorized range of penalties for his offense at his initial appearance [Doc. 4].

5

467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

An appropriate order shall enter.

                                                s/ J. RONNIE GREER
                                               UNITED STATES DISTRICT JUDGE

6

Case 2:11-cr-00015-JRG-HBG   Document 89   Filed 04/07/16   Page 6 of 6   PageID #: 527